

ENTERED
12/09/2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| WILLIAM R. ENGLAND, JR., | ) CASE NO. 09-39736-H3-7 |
| Debtor, | ) |
| MARION FAIRBANKS, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) ADV. NO. 11-3348 |
| WILLIAM R. ENGLAND, JR., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court has considered the "Plaintiffs' Motion for Entry of Default and for Default Judgment" (Docket No. 7). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion and dismissing the above captioned adversary proceeding for lack of subject matter jurisdiction. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Marion Fairbanks, Eric Marche, and William Caudell filed an involuntary petition under Chapter 7 of the Bankruptcy Code against William R. England, Jr. ("Debtor") on December 23,

2009.  By order entered April 12, 2010, the court authorized service to Debtor of the involuntary petition by first class mail directed to addresses in Houston, Texas, Miami, Florida, and Martinez, California, and publication in the Houston Chronicle, Miami Herald, and New York Times.  (Docket No. 43, Case No. 09-39736-H3-7).  Debtor did not controvert the involuntary petition, and an order for relief was entered on May 11, 2010.  (Docket No. 56, Case No. 09-39736-H3-7).  Lowell T. Cage is the Chapter 7 Trustee.

On November 1, 2010, the United States Trustee commenced Adversary Proceeding No. 10-3552, seeking denial of Debtor's discharge.  A default judgment was entered denying Debtor's discharge on January 31, 2011.  (Docket No. 13, Adv. No. 10-3552).

On June 30, 2011, Fairbanks, Marche, and Caudell ("Plaintiffs") commenced the instant adversary proceeding.  In the complaint, Plaintiffs assert causes of action against Debtor for money had and received, and breach of contract.  Plaintiffs seek an award of damages, plus costs, attorney fees, and interest.

Each of the Plaintiffs filed a proof of claim in the instant Chapter 7 case.  Neither the Trustee nor anyone else has filed an objection to any of Plaintiffs' claims.

2

Debtor has not made any appearance in the instant Chapter 7 case, or in any of the adversary proceedings associated with the instant Chapter 7 case, including the instant adversary proceeding.

In the instant motion, Plaintiffs seek default judgment against Debtor. Plaintiffs support the instant motion with a return of service showing service by first class mail to the addresses in Houston, Texas, Miami, Florida, and Martinez, California; a copy of the docket sheet in the instant adversary proceeding; affidavits from each of the Plaintiffs as to the debt owed to each; and an affidavit of Plaintiff's counsel as to service, and as to compliance with the Servicemembers' Civil Relief Act. (Docket No. 7). No response was filed.

## Conclusions of Law

The bankruptcy court may enter a default judgment only if the court has both the subject matter jurisdiction and the judicial power to enter a final judgment. In re OCA, Inc., 551 F.3d 359 (5th Cir. 2008).

Subject matter jurisdiction of the bankruptcy court is grounded in statute. Under 28 U.S.C. § 1334(b), the district court has original but not exclusive subject matter jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b).

A matter arises under Title 11 if it invokes a right created by bankruptcy law.  A matter arises in a case under Title 11 if it could arise only in the context of a bankruptcy case. In re Wood, 825 F.2d 90 (5th Cir. 1987).  In Wood,, the Fifth Circuit followed the Third Circuit's formulation, in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984) of the "related to" standard:  an action is "related to" the case under Title 11 if the outcome of that proceeding "could conceivably have any effect on the estate being administered in bankruptcy."  In In re Majestic Energy Corp., 835 F.2d 87 (5th Cir. 1988), the Fifth Circuit adopted the Third Circuit's elaboration, in Pacor, Inc. v. Higgins, that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."  835 F.2d, at 90.

Section 1334's reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.  Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746 (5th Cir. 1995).

4

In the instant adversary proceeding, the rationale for subject matter jurisdiction set forth in Feld v. Zale is not present. Plaintiffs are not seeking, in the instant adversary proceeding, to liquidate their claims, or present them in a centralized forum for resolution. Moreover, there are no discharge implications; discharge has previously been denied. There is no conceivable effect on the estate being administered in bankruptcy. The court concludes that it lacks subject matter jurisdiction with respect to the instant adversary proceeding.[1] The court concludes that the instant adversary proceeding must be dismissed for lack of this court's subject matter jurisdiction.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned adversary proceeding for lack of subject matter jurisdiction.

Signed at Houston, Texas on December 9, 2011.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that, in In re Morrison, 555 F.3d 473 (5th Cir. 2009), the Fifth Circuit held that the bankruptcy court has the power to enter a money judgment in a nondischargeability action. The rationale expressed by the Fifth Circuit in that case for its holding was that the "litigation necessary to prove nondischargeability also proves the basis for and amount of the debt." 555 F.3d, at 479. That rationale is not present in the instant case. In the instant adversary proceeding, unlike with respect to a nondischargeability adversary proceeding, there is no underlying core proceeding.